

# THE ATTORNEY GENERAL
## OF TEXAS

April 6, 1989

JIM MATTOX
ATTORNEY GENERAL

Honorable Jim Mapel
Criminal District Attorney
Brazoria County
329 N. Arcola
Angleton, Texas  77515

Opinion No.  JM-1037

Re:  Whether the Texas Open Meetings Act, article 6252-17, V.T.C.S., authorizes a city to hold an emergency meeting to discuss indemnifying council members in a lawsuit and hiring an outside law firm to represent the council  (RQ-1545)

Dear Mr. Mapel:

You ask whether an "emergency meeting" held by the Alvin City Council complied with the Texas Open Meetings Act, article 6252-17, V.T.C.S. You advise that, on April 25, 1988, during a regularly scheduled meeting, the city council eliminated the position of a city employee. Near the conclusion of that regular meeting, the terminated employee handed the city council copies of the pleadings in a lawsuit the employee filed that same day. The city council was not served formally with the lawsuit until April 29. The city council posted notice to hold an emergency meeting, a meeting with only two hours notice, to discuss the lawsuit under the following topics:  "Indemnify the Alvin City Council" and  "Hire a law firm to represent the Alvin City Council."

Section 3A(h) of article 6252-17 provides, in part:

> Notice of a meeting must be posted in a place readily accessible to the general public at all times for at least 72 hours preceding the scheduled time of the meeting . . . .

The act authorizes a shorter notice period for emergencies:

> In case of emergency or urgent public necessity, which shall be <u>clearly identified</u> in the notice, it shall be sufficient if the notice is posted two hours before the meeting is convened. Any public official or person who is designated or authorized to post notices of meetings by a governmental body in accordance with Section 3A of this Act shall post the notice taking at face value <u>the reason for the emergency as stated by the governmental body</u>. (Emphasis added.)

<u>Id.</u>

Section 3A(h) contains two requirements that are significant to the case at hand: (1) that notice for emergency meetings must state the reason for the emergency and (2) that an "emergency," within the meaning of section 3A(h), must exist. The notice you describe, <u>i.e.</u>, "Indemnify the Alvin City Council" and "Hire a law firm to represent the Alvin City Council," does not meet the first requirement of section 3A(h). The notice states no reason for the emergency.

The 70th Legislature added the requirement that the reason for an emergency meeting be stated in the notice. <u>See</u> Acts 1987, 70th Leg., ch. 549, § 5, at 2213-14. In <u>River Road Neighborhood Ass'n v. South Texas Sports</u>, 720 S.W.2d 551, 554 (Tex. App. - San Antonio 1986, no writ), decided prior to this amendment, the court held that notice need not describe the nature of the emergency warranting an emergency meeting. The amendment of section 3A(h) responded to that case by requiring expressly that emergency meeting notice state the reason for the emergency. Section 3A(h) requires that the emergency or urgent public necessity "be clearly identified." In addition, the person who posts notice shall take "at face value <u>the reason for the emergency as stated by the governmental body</u>." (Emphasis added.)

Further, on the facts you present, it does not appear that an "emergency," within the meaning of section 3A(h), existed. The 70th Legislature also added the language of section 3A(h) that limits expressly the situations that warrant emergency meetings:

> Cases of emergency and urgent public necessity are limited to imminent threats to public health and safety or reasonably unforeseeable situations requiring <u>immediate action</u>

by the governmental body.  (Emphasis added.)

Section 3A(h) requires an _imminent_ threat to the public health and safety or a reasonably unforeseeable situation requiring _immediate_ action.  Neither was present in the case at hand.

Although it is understandable that council members would be concerned about their liability, the situation presented was not one that required "immediate action."  The council was not served formally with notice of the lawsuit until April 29.  At that time, the council had 20 days from the Monday following service in which to answer plaintiff's initial pleadings.  Ample time existed during this period to post 72 hours notice of a meeting to discuss indemnifying council members and hiring a law firm to represent the council members, both actions that would require the expenditure of public funds.  For this reason, the notice for the emergency meeting did not comply with section 3A(h).  See Attorney General Opinion JM-985 (1988) (action taken in violation of the Open Meetings Act can be voided in court action).

### S U M M A R Y

An "emergency meeting," a meeting posted with only two hours notice, to discuss the topics "Indemnify the Alvin City Council" and "Hire a law firm to represent the Alvin City Council" does not comply with the notice requirements of section 3A(h) of article 6252-17, V.T.C.S., when the notice fails to state the reason for the emergency and when the city had more than 20 days in which to take action on the topics discussed.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

JENNIFER S. RIGGS
Chief, Open Government Section
of the Opinion Committee

Prepared by Jennifer S. Riggs
Assistant Attorney General